HAMLIN STEEL PRODUCTS, INC., APPELLEE, *v.* OHIO . BUREAU OF EMPLOYMENT SERVICES, APPELLANT.

(No. 77AP—495—Decided December 15, 1977.)

*Mr. John S. Steinhauer* and *Mr. Richard T. Cunningham,* for appellee.

*Mr. William J. Brown,* attorney general, *Mr. Eugene P. Nevada,* for appellants.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County. The trial court's order reads as follows, which we quote verbatim:

"This cause came to be heard before this Court upon Appellant's appeal from a decision of the Board of Review of the Ohio Bureau of Employment Services marked September 14, 1976, denying Appellant's request for a 'successor in interest' rate, pursuant to R. C. 4141.24, and upon pleadings, motions, and the transscript of the hearing before the Board of Review, all parties represented by their counsel.

"The Court finds that the Appellant met all the prerequisites for being a 'successor in interest' pursuant to R. C. 4141.24(f), that there were no delinquencies in the account of Appellant's predecessor in interest for charges for unemployment benefits, and that the Board of Review's conclusion the Appellant should not be deemed to be a 'successor in interest' is in error and is not in accordance with law.

"Therefore, it is ordered and decreed that the previous decision of the Board of Review of the Ohio Bureau of Employment Services is hereby reversed and that the Appellant be deemed a 'successor in interest' and that the case be remanded to the Board of Review for further proceedings not inconsistent with this decision."

Hence, this is an unemployment compensation tax case concerning succession in interest (R. C. 4141.24[F]). This appeal is governed by the provisions of R. C. 4141.26. The record shows that on September 30, 1975, the Ohio Bureau of Employment Services denied a partial transfer of unemployment experience to appellee. This denial was affirmed by the Administrator's Reconsidered Decision dated November 13, 1975. Whereupon, there was an appeal to the Board of Review, and a hearing was held March 25, 1976. The Board of Review affirmed the Administrator's Reconsidered Decision. Appellee Hamlin Steel Products, Inc., appealed to the Court of Common Pleas of Franklin County, which entered the above quoted order.

This appeal has now been perfected, including the following assignments of error:

"1. The Common Pleas Court erred in ruling that a purchaser of assets from a Trustee in Bankruptcy is a successor-in-interest to the Bankrupt predecessor.

"2. The Common Pleas Court erred in ruling that Hamlin Steel Products, Inc., had met all the prerequisites for being a 'successor-in-interest.' "

Appellant contends that because the employer purchased a portion of a going business from a trustee in bankruptcy after an adjudication of bankruptcy it became ineligible for successor-in-interest status because they were no longer liable for potential account charges that might arise against its predecessor employer. The assets were purchased from a trustee in bankruptcy, and the purchase was not made subject to any liability to creditors. Nevertheless, appellant was not a creditor; nor was it owed any funds.

R. C. 4141.24(F) reads as follows:

"If an employer transfers his business or otherwise reorganizes such business, the successor in interest shall

assume the resources and liabilities of such employer's account, and continue the payment of all contributions due under sections 4141.01 to 4141.46 of the Revised Code. If an employer acquires substantially all of the assets in a trade or business of another employer, or a clearly segregable and identifiable portion of an employer's enterprise, and immediately after the acquisition employs in his trade or business substantially the same individuals who immediately prior to the acquisition were employed in the trade or business of such predecessor employer, then, upon application to the administrator signed by the predecessor employer and the acquiring employer, the employer acquiring such enterprise is the successor in interest. In the case of a transfer of a portion of an employer's enterprise, only that part of the experience with unemployment compensation and payrolls that is directly attributable to the segregated and identifiable part shall be transferred and used in computing the contribution rate of the successor employer on the next computation date. The administrator by regulation may prescribe procedures for effecting transfers of experience as provided for in this section."

Therefore, the criteria for the determination of a successor in interest, within the foregoing statute, are that an employer acquire substantially all the assets in a trade or business of another employer, or a clearly identifiable portion of an employer's enterprise; that, immediately after the acquisition, the assets were employed in the trade or business, or in a separate unit of a trade or business of such predecessor employer; and that an application to the Administrator was filed, signed by the predecessor employer and the acquiring employer. The statute provides that, if such requirements are met, the administrator by regulation may prescribe procedures for effecting transfers of experience *as provided for this section.* Considering the foregoing statute, appellee qualified as a successor in interest.

It is noteworthy that the trial court in its decision found that appellee "had the same personnel, the same customers, the same operating procedures, the same equipment, and the same shipments to make as its predecessor.

In addition, there were no delinquencies in the account of appellant's predecessor in interest for charges for unemployment benefits." That finding, as explicitly stated in the trial court's decision, remains undisputed.

Accordingly, for the foregoing reasons, appellant's first assignment of error is not well taken and is overruled.

As to appellant's second assignment of error, it is reiterated that the Ohio General Assembly has provided for the benefit of the successor-in-interest experience for qualified applicants. In this case, the successor-employer has agreed to assume the resources of the liability of such employer's contract and continue to make payments of all contributions by filing its application to become a successor in interest. The foregoing statute provides that if, as in this case, the sale of a business is a sale of the assets only, the buyer has the option of becoming a successor in interest. In a sale of the assets case, as here, if the buyer (employer) acquires substantially all the assets in a trade or business of another employer, or a clearly segregable and identifiable portion of an employer's enterprise, and immediately after such acquisition employs in his trade or business substantially the same employees, the buyer has the option of becoming the successor in interest by application signed by the parties to the Administrator. Moreover, in a sale of the assets transaction, as in this case, where the aforementioned qualifications are met, then a buyer from a seller has a right to become a successor in interest. Such are the provisions of the above quoted R. C. 4141.24(F) which, necessarily, become determinative in the case. Therefore, the trial court did not err in ruling that appellee had met all the prerequisites for becoming a successor in interest. Thus, appellant's second assignment of error is also overruled.

Whereupon, for the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and HOLMES, J., concur.